O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILLY RUBEN,<br><br>    Plaintiff,<br><br>    v.<br><br>MARINA CITY CLUB CONDOMINIUM OWNERS ASSOCIATION; SEABREEZE MANAGEMENT COMPANY, INC.; and DOES 1 to 10,<br><br>    Defendants. | Case No. 2:13-cv-01628-ODW(JEMx)<br><br>**ORDER GRANTING PLAINTIFF GILLY RUBEN'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [23]** |

## I.   INTRODUCTION

Plaintiff Gilly Ruben moves for leave to amend her Complaint under Federal Rule of Civil Procedure 15(a)(2).  (ECF No. 23.)  After eight months of litigation, Ruben seeks to add two new defendants.  For the following reasons, Ruben's motion is **GRANTED**.[1]

## II.   FACTUAL BACKGROUND

Ruben is physically disabled, requiring a wheelchair for mobility.  (Mot. 1:2–3.)  On March 7, 2013, Ruben filed her Complaint against Defendants Marina City Club Condominium Owners Association and Seabreeze Management Company (collectively "Defendants") under the Americans with Disabilities Act.  The

---

[1] Having carefully considered the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

1

Complaint seeks wheelchair access to the swimming pools at the Marina Club condominium complex where she resides. (ECF No. 1.)

Ruben now seeks leave to amend her Complaint to add two new defendants to the case, Essex Marina City Club, LP and Essex MCC, LP ("Essex Parties"). (Mot. 1:18–20.) Ruben contends that she only recently learned of the Essex Parties during discovery and filed this Motion shortly after of learning their identity. (Mot. 1:11–14; 4:5–6.) According to Ruben, the common areas of Marina Club, including the swimming pool, are leased to the Essex Parties, who have the right to control and the responsibility to maintain the swimming-pool area. (Mot. 1:11–17.)

In their Opposition, Defendants argue that Ruben's Motion should be denied because of undue delay and prejudice. According to Defendants, the issue of adding the Essex Parties was discussed by the parties on May 24, 2013 and included in the Joint 26(f) Report filed with this Court on July 12, 2013. (Opp'n 2:12–25; ECF No. 18.) Additionally, Defendants contend that they would be prejudiced because the addition of new defendants requires additional discovery, and the discovery cut-off date is fast approaching. (Opp'n 7:10–28.) Ruben did not file a reply.

## III. LEGAL STANDARD

Leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to permit leave to amend rests in the sound discretion of the trial court. *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004). In determining whether leave to amend should be granted, four factors are considered: (1) undue delay; (2) prejudice to the opposing party; (3) bad faith or dilatory motive; and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).

## IV. DISCUSSION

In this Motion, Ruben seeks to add two new defendants, the Essex Parties. She seeks no other changes. Defendants argue that the Motion is unduly delayed and that they would suffer prejudice if the Motion were granted. The court analyzes these

arguments in light of the well-established *Foman* factors.

As a preliminary matter, the Court notes that this is Ruben's first request to amend her original Complaint. Since Ruben has not previously amended her Complaint, the Court is more inclined to grant Ruben's Motion in light of the policy favoring amendment. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) ("Where the plaintiff has previously filed an amended complaint . . . the district court's discretion to deny leave to amend is 'particularly broad.'").

The first *Foman* factor is undue delay. In this regard, Ruben's representation—that she "swiftly" brought this motion to amend—is somewhat misleading. (Mot. 4:8–9). Defendants are correct in pointing out that the Joint 26(f) Report includes the likelihood of amending the pleadings to specifically add the Essex Parties as defendants. (ECF No. 18.) Ruben was aware of the Essex Parties' responsibilities with respect to the pool at least four months ago, but provides no explanation for the delay. Moreover, though the instant Motion was noticed on October 11, 2013, before the deadline to amend the pleadings this does not make the amendment timely. The last day to amend pleadings, in this case October 14, 2013, is the date that the actual amended pleading must be filed, not the date in which a party may seek leave to amend. The cut-off date to file a motion for leave to amend pleadings was September 13, 2013. (ECF No. 19.) The Court takes its scheduling dates seriously, so the late Motion, coupled with Ruben's apparent knowledge of the Essex Parties at least four months before this Motion was filed, suggests undue delay. But while relevant, delay alone is not enough to support a denial of a motion for leave to amend. *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319–20 (9th Cir.1984) ("Although delay alone provides an insufficient ground for denying leave to amend or supplement, it remains relevant").

The second *Foman* factor is prejudice. Defendants contend that they will suffer undue prejudice from a late amendment because the discovery cut-off date is December 23, 2013. Defendants claim that this date does not allow them sufficient

Case 2:13-cv-01628-ODW-JEM Document 27 Filed 11/18/13 Page 4 of 5 Page ID #:158

time to conduct additional discovery from the Essex Parties or to move to compel further discovery if it becomes necessary. (Opp'n 6:23–8:9.) Admittedly, there is little over a month left until the December 23, 2013, discovery cut-off date. Nonetheless, adding the Essex Parties does not radically shift the case. Any new discovery should still be manageable because Ruben's claims remain the same. Moreover, Defendants knew of the Essex Parties' role in the management of the pool since Defendants lease the common areas, including the swimming pool, to them. As Ruben points out, it was Defendants' documents from discovery that revealed the existence of the Essex parties. In that regard, it is also unlikely that Ruben's amendment will prejudice the Essex Parties because they were likely already aware of this action as the lessees of the pool area. Overall, the Court finds that neither the Defendants nor the Essex Parties will suffer undue prejudice.

The third *Foman* factor is bad faith or dilatory motive. Although the delay may suggest bad faith, it is not sufficient to prove bad faith by itself. *See Yang v. Sun Trust Mort., Inc.,* 2011 WL 2433640, 4 (E.D. Cal. Jun. 14, 2011) ("Even assuming the basis for Plaintiffs' amendment was known at the time of the initial complaint, that is not, by itself, objective evidence of bad faith or tactical gamesmanship"). Here, there is no pattern of conduct in the record to support a finding that Ruben's Motion is merely a pretext to avoid prejudicial dismissal. *Acri v. Int'l Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir.1986) (amendment disallowed where the delay in amendment was a tactical choice brought specifically to avoid the possibility of an adverse summary judgment ruling). This is Ruben's first amendment to her original complaint. *See Yokohama Tire*, 358 F.3d at 622. Further, Defendants do not allege any bad faith or dilatory motive. Thus, this factor does not weigh against amendment.

The last *Foman* factor is futility of amendment. "Leave to amend need not be given" under Rule 15 if it would be futile to do so, such as "if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 538 (9th Cir.1989). "[A] proposed amendment is futile only if no set of facts can

be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988). Here, Defendants produced documents indicating that the common areas, including where the swimming pools are located, are leased to the Essex Parties. Since the Essex Parties are logical parties to this suit, the Court find no futility in this amendment.

## V. CONCLUSION

Considering the circumstances in this case and the policy favoring amendment, the Court finds insufficient reason to deny leave to amend. Accordingly, the Court **GRANTS** Ruben's Motion for Leave to File First Amended Complaint under Rule 15(a)(2).

**IT IS SO ORDERED.**

November 18, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**